**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**LASANDRA HAWKINS**                          **CIVIL ACTION**

**VERSUS**                                     **NUMBER 12-169-BAJ-DLD**

**THE KMW GROUP, INC., ET AL.**

## MAGISTRATE JUDGE'S REPORT

This workplace injury matter is before the court on plaintiff's motion to remand (rec. doc. 6), which is opposed and has been referred to the undersigned for a report and recommendation (rec. docs. 8 and 9). This matter was removed based on diversity jurisdiction, 28 U.S.C. §1332, and the issue before the court is whether defendants have met their burden of establishing that diversity jurisdiction exists.

### Background

On or about May 6, 2011, plaintiff was working in the operating room in the Baton Rouge General Hospital on Bluebonnet Boulevard, Baton Rouge, Louisiana, with a 450-pound unconscious patient, who was lying on top of a SKYTRON Elite 6300 General Purpose Surgical Table (rec. doc. 1-2). The surgical table allegedly malfunctioned, placing the 450-pound patient in a precarious and dangerous position. Plaintiff alleges that when she attempted to stabilize the patient, she was injured. Id.

On December 22, 2011, plaintiff brought suit against various defendants, including The KMW Group, INC. (SKYTRON DIVISION), David P. Mehney[1], Covington Medical

---

[1] David P. Mehney is alleged to be the President of The KMW Group, Inc. Plaintiff alleges that the KMW Group, Inc. and Mehney manufactured the surgical table (rec. doc. 1-2).

Systems, Inc., Bill Roberston[2], Robbie Robertson[2], Cary Delatte[3] in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana (rec. doc. 1-2). Plaintiff asserts various claims under La. Civ. Code. Art. 2315, 2316, 2317.1, and the Louisiana Products Liability Act based on allegations that the table malfunction, and her resulting physical injuries were caused by defendants' negligence in failing to properly manufacture, design, and/or maintain/inspect the table. Id.

On March 23, 2012, defendants The KMW Group, Inc. (SKYTRON DIVISION) N/K/A SKYTRON LLC and David Mehney filed their notice of removal in this court based on diversity jurisdiction (rec. doc. 1). The notice of removal attaches portions of the state court record to show that plaintiff dismissed Covington Medical Systems, Inc. on February 6, 2012, and Louisiana defendants Bill Robertson and Robbie Robertson on February 29, 2012, leaving only The KMW Group, Inc., SKYTRON, LLC, Mehney, and Delatte as defendants in this matter (rec. doc. 1). The notice of removal identifies the citizenship of the remaining parties and suggest that removal is proper based on diversity jurisdiction because non-diverse defendant Delatte was improperly joined; therefore, his citizenship should be disregarded for purposed of determining diversity jurisdiction.

On April 25, 2012, plaintiff filed a motion to remand, to which plaintiff attached a first supplemental and amending petition for damages (amended petition) that was filed in state

---

[2] Bill Robertson is alleged to be the President of Covington Medical Systems, Inc. (rec. doc. 1-2). Covington Medical Systems, Inc. and Robertson are alleged to have sold the surgical table. Id.

[2] Robbie Robertson is alleged to be the Service Manager of Covington Medical Systems, Inc. (rec. doc. 1-2).

[3] Cary Delatte is alleged to be the Maintenance Supervisor and an employee at Baton Rouge General Hospital (rec. doc. 6-1).

court on April 16, 2012 (rec. doc. 6). The amended petition adds non-diverse Baton Rouge General Medical Center (BRGMC), Baton Rouge General Hospital (BRGH), and General Health System (GHS) as defendants to this matter (rec. doc. 6-3). Plaintiff's motion for remand is now before the court for a report and recommendation.

**Arguments of the Parties**

Plaintiff argues that defendants have failed to prove that diversity jurisdiction exists in this matter. Specifically, plaintiff contends that diversity of citizenship is not present because both plaintiff and defendants Delatte and BRGMC are citizens of Louisiana (rec. docs. 6 and 7). Additionally, plaintiff argues that defendants have failed to satisfy their burden of proving that plaintiff's damages satisfied the $75,000 jurisdictional minimum at the time of removal. Id. Plaintiff specifically states that discovery is ongoing and at this time, her damages do not exceed $75,000, exclusive of interests and costs.

Defendants[4] oppose the motion to remand by arguing that diversity of citizenship is satisfied because non-diverse Delatte was improperly joined in this matter. Defendants contend that because plaintiff and Delatte were co-employees of BRGMC at the time of the accident, plaintiff's ability to recover against Delatte is precluded by the Louisiana Worker's Compensation statute, La. R.S. 23:1032. Additionally, defendants contend that the amended petition adding non-diverse Baton Rouge General Medical Center, Baton Rouge General Hospital, and General Health System should be disregarded because it was filed

---

[4] Removing defendants, KMW Group, Inc., SKYTRON, LLC, and Mehney filed an opposition to the motion to remand (rec. doc. 8), and defendants Delatte and BRGMC, filed an opposition to the motion to remand (rec. doc. 9).

after the notice of removal was filed in the state court[5]; therefore, the state court did not have jurisdiction to grant the motion for leave to file amended petition. Defendants further argue that if this court finds that the amended petition was properly allowed, the court should consider non-diverse BRGMC as an improperly joined defendant, as plaintiff's claim against her employer, BRGMC, is also limited by La. R.S. 23:1032.

With respect to the amount in controversy, defendants argue that plaintiff has already incurred $34,328.07 in special damages, and considering the damages alleged in her petition for various physical injuries, pain and suffering, future lost wages, impairment of earning capacity, and loss of enjoyment of life, plaintiff's damages satisfy the amount in controversy.

### **Standard on Removal and Improper Joinder**

The removing party has the burden of proving the existence of federal jurisdiction and, if challenged, that the removal was procedurally proper. *See* e.g. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002), citing *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). This matter was removed based on diversity jurisdiction, so the removing party must establish both that the parties are diverse and that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. Of Texas, Inc.*, 351 F.3d 636 (5th Cir. 2003), citing *Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir.1998).

---

[5] Defendants contend that they complied with all of the requirements associated with fax-filing the notice of removal with the state court on March 23, 2012, pursuant to La. R.S. 13:850 (rec. doc. 8), and that they mailed plaintiff a copy of the notice on the same date (rec. doc. 8). Defendants surmise that due to a clerical error in the state court clerk of court's office that resulted in the original notice of removal and checks being misplaced until defendants' counsel called to inquire about the status of the case on April 19, 2012, the state court judge unknowingly granted the motion for leave to file the first supplemental and amending petition after the notice of removal was fax-filed (rec. doc. 8). Defendants, however, provided no proof of this theory.

The removing defendant bears the burden of demonstrating improper joinder. E.g., *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990). Improper joinder of a non-diverse party can be proven by showing "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005), *citing Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc).

Fraud in the pleadings is not an issue in this case. Rather, defendants seek to prove improper joinder by proving that plaintiff is precluded from recovering against non-diverse Delatte and BRGMC as a result of the exclusivity provision of the Louisiana Workers' Compensation Statute, La. R.S. 23:1032. When determining improper joinder based on an inability to establish a cause of action against the non-diverse parties, the court may look to the facts established by summary judgment evidence as well as controlling state law. *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir. 1990). The court must determine whether "there is arguably a reasonably basis for predicting that state law might impose liability." *Campbell v. Stone Ins. Inc.*, 509 F.3d 665 (5th Cir. 2007), citing *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003).

### **Discussion**

The parties named in the original petition are not diverse at this time. Plaintiff is a citizen of Louisiana; The KMW Group, Inc. is a Michigan corporation with its principal place of business in Michigan; SKYTRON, LLC, is a limited liability company, whose members are The KMW Group, Inc., Dai-Ichi Shomei Co, LTD (DKK), a foreign company organized under the laws of the country of Japan, with its principal place of business in Japan, and

Mizuho Ikakogyo Co, LTD (Mizuho) a foreign company organized under the laws of Japan, with its principal place of business in Japan; Mehney is a citizen of Michigan; Delatte is a citizen of Louisiana.[6] The record is clear that plaintiff filed an amended petition in state court that joins three new defendants to this matter - BRGMC, BRGH, and GHS, all citizens of Louisiana.[7]

What is not clear from the record is whether the state court was divested of jurisdiction, by the filing of the notice of removal with the state court, when plaintiff filed her amended petition. Defendants have failed to offer evidence to show when the notice of removal was filed in the state court, such as a stamp-filed copy of the notice of removal, which would help establish when the state court had actual or constructive notice of the notice of removal in order to effectuate removal pursuant to 28 U.S.C. §1446(d) and divest the state court of jurisdiction (rec. doc. 8, ftnt. 2).[8]

---

[6] Neither plaintiff nor defendants properly allege facts to support the citizenship of Delatte. Plaintiff's petition alleges that Delatte is a "competent major, residing in Louisiana, and employee of Baton Rouge General Hospital" (rec. doc. 1-2). The notice of removal states that he is "allegedly a citizen of the State of Louisiana and bases it improper joinder argument on the fact that he is a Louisiana citizen (rec. doc. 1). Plaintiff's memorandum in support of motion to remand states that Delatte is domiciled in and is a citizen of Louisiana (rec. doc. 7). Thus, for purposes of this motion, the court assumes that Delatte is a citizen of Louisiana.

[7] Neither plaintiff nor defendants properly allege facts to support the citizenship of BRGMC, BRGH, or GHS. The amended petition alleges that the entities are "domiciled in the State of Louisiana, licensed to transact business in the State of Louisiana, whose registered agent for service of process is Dionne E. Viator, 8585 Picardy Ave., Baton Rouge, Louisiana, 70809" (rec. doc. 6-3). The motion to remand and memorandum in support state that BRGMC is a citizen of Louisiana. Defendants' memoranda in opposition to the motion to remand does not dispute plaintiff's allegations that BRGMC is a citizen of Louisiana and argues that its non-diverse citizenship should be ignored for purposes of determining diversity jurisdiction (rec. docs. 8 and 9). Further, defendants to not dispute the citizenship allegations with respect to BRGH and GHS. For purposes of this motion, therefore, the court assumes that BRGMC, BRGH, and GHS are citizens of Louisiana, or, at the least, not of diverse citizenship, which is the requisite allegation.

[8] In order to "effect removal," the removing party must, (1) file the notice of removal in the federal court; (2) give written notice to all adverse parties; and (3) file a copy of the notice with the clerk of the state court. See e.g. *Aamagin Property Group, LLC v. Louisiana Housing Finance Agency*, 2008 WL 5132423 (M.D. La. 2008); *Hampton v. Union Pacific Railroad Company*, 81 F.Supp.2d 703 (E.D.Tex 1999) (citation omitted); *Davis v. Estate of Daniel Harrison*, 214 F.Supp.2d 695 (S.D. Miss 2002); *Ford Motor Credit Company v. AA Plumbing, Inc.*, 2000 WL 1059858 (E.D. La. 2000). The Fifth Circuit has held that the state court retains jurisdiction until it has been given actual or constructive notice of removal. See *Medrano v. Texas*, 580 F.2d 803, 804 (5th Cir. 1978); *Murray v. Ford Motor Company*, 770 F.2d 461 (5th Cir. 1985).

Regardless of whether the state court had jurisdiction to allow the amended petition adding new parties, plaintiff has submitted the amended petition to this court for consideration; therefore, the court must consider the impact the additional non-diverse parties have on the court's diversity jurisdiction. The court can do this either by applying the *Hensgens* factors[9] (applicable to a post-removal amended petition) or the improper joinder analysis (applicable to a pre-removal amended petition). Because defendants have failed to offer evidence to show that the state court was divested of jurisdiction at the time the amended petition was allowed, the court finds, for purposes of this motion, that the state court had jurisdiction to allow the amended petition. At the time of removal, there were four non-diverse defendants, Delatte, BRGMC, BRGH, and GHS, and the court will apply the improper joinder analysis to this matter.

Defendants have offered evidence sufficient to show that plaintiff's claims are barred by the Louisiana Workers' Compensation law, La. R.S. 23:1032, against non-diverse Delatte, as plaintiff's co-employee, and non-diverse BRGMC, as plaintiff's employer. See (rec. docs. 8 and 9), *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373 (5th Cir. 2006); *Bourque v. Nan Ya Plastics Corp. America*, 906 F.Supp. 348 (M.D. La. 1995). Defendants, however, have not offered any evidence whatsoever to show why plaintiff's claims against BRGH or GHS would be barred or why their citizenship should not be considered for purposes of determining diversity jurisdiction. Thus, defendants have failed to establish their burden of proving that diversity of citizenship exists in this matter.

---

[9] In considering an amendment to add an non-diverse party after removal, the court should consider "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." See *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

Because defendants have failed to establish that diversity of citizenship exists, it is unnecessary to address whether the requirement of amount in controversy is satisfied. Accordingly,

**IT IS RECOMMENDED** that the motion to remand (rec. doc. 6) should be **GRANTED**, and that this matter be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, on July 27, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LASANDRA HAWKINS** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 12-169-BAJ-DLD** |
| **THE KMW GROUP, INC.** | |

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 27, 2012.

  _____
  **MAGISTRATE JUDGE DOCIA L. DALBY**